The Honorable _____

# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## AT PORTLAND

| | |
|---|---|
| HAPPY PRODUCTS, INC., *a Delaware corporation*,<br><br>        Plaintiff,<br><br>    vs.<br><br>HRONCICH ENTERPRISES LLC, *a New Jersey corporation*,  dba DAILY SHOP CLUB, and MARINO HRONCICH, *and individual*, MARYANN HRONCICH, *an individual*, and NIKOLINO HRONCICH, *an individual*,<br><br>        Defendants. | NO: _3:20-cv-1294<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT, AND TRADEMARK INFRINGEMENT<br><br>JURY DEMAND |

Plaintiff Happy Products, Inc. ("Happy Products") state the following for their Complaint against Hroncich Enterprises LLC—dba Daily Shop Club—and individuals Marino Hroncich, MaryAnn Hroncich, and Nikolino Hroncich (collectively, "Hroncich" or "Defendants").

### NATURE OF THE CASE

1.    This is an action for copyright infringement arising under the copyright laws of the United States (codified at 17 U.S.C. §§ 101 *et seq.*); for trademark infringement and dilution, unfair competition, and unfair business practices arising under the trademark laws of the United

SCHAFFER IP LAW, LLC
2187 SW Market Street Dr.
Portland, Oregon 97201
(503) 970-5119

States (codified at 15 U.S.C. §§ 1051 *et seq.*) ("Lanham Act"); the anti-dilution laws of several states; the fair business practices and unfair deceptive trade practices acts of several states; and the common law.

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121, and under the Copyright Act via 28 U.S.C. §§ 1331 and 1338.  Subject matter jurisdiction over Plaintiff Happy Products' related state and common law claims is proper pursuant to 28 U.S.C. §§ 1338 and 1367.

3.    This Court has personal jurisdiction over Defendants because, *inter alia*, Defendants have purposefully availed themselves of the right to do business in this district via their website dailyshopclub.com and, under information and belief, via sales of infringing products to customers within this district including distribution of infringing materials that directly injure Plaintiff Happy Products through lost sales and damage to its reputation.

4.    Venue is proper in the District Court for the District of Oregon, pursuant to 28 U.S.C. §§ 1391(b), because a substantial part of the acts or omissions giving rise to Plaintiff Happy Products' claims occurred in this District.

## PARTIES

5.    Plaintiff Happy Products is a Delaware corporation with its principal business address at 1801 NW Upshur St., Suite #430, Portland, Oregon 97209.  Happy Products directs all operations out of its offices in Oregon, including sales, brand marketing, product marketing, product design, public relations, distribution, enforcement, and licensing of FLIPPY-branded products marketing, sales, and product design activities.

COMPLAINT FOR COPYRIGHT/TRADEMARK
INFRINGEMENT - 2

SCHAFFER IP LAW, LLC
2187 SW Market Street Dr.
Portland, Oregon 97201
(503) 970-5119

6.     On information and belief, defendant Hroncich Enterprises LLC is a limited liability company registered in New Jersey and with a mailing and business address at 11 Hearthstone Dr., North Haledon, NJ 07508, where purchases of infringing products by customers through the Daily Shop Club website are made to the PayPal account registered to Hroncich Enterprises, LLC.

7.     On information and belief, defendant Daily Shop Club is a dba of Hroncich Enterprises LLC and serves as their sales and marketing arm.  To this end, Daily Shop Club operates the website dailyshopclub.com through which infringing products at issue in this case are sold and shipped to customers.  Customers of Daily Shop Club are instructed to return defective products to Hroncich Enterprises at 11 Hearthstone Dr., North Haledon, NJ 07508.

8.     On information and belief, defendant Marino Hroncich is an individual living at 11 Hearthstone Dr., North Haledon, NJ 07508 and is a member and registered agent of Hroncich Enterprises LLC.

9.     On information and belief, defendant MaryAnn Hroncich is an individual living at 11 Hearthstone Dr., North Haledon, NJ 07508 and is a member of Hroncich Enterprises LLC.

10.     On information and belief, defendant Nikolino Hroncich is an individual living at 11 Hearthstone Dr., North Haledon, NJ 07508 and is a member of Hroncich Enterprises LLC.

**GENERAL ALLEGATIONS**

11.     Happy Products has developed and patented a distinctive three-sided reading pillow that it markets under the brand name FLIPPY through its website getflippy.com.

12.     Happy Products is the owner of a federal trademark registration, Reg. No. 5,639,639, issued by the United States Patent and Trademark Office ("USPTO") on December 25, 2018, for the term FLIPPY in connection with sale of its FLIPPY-brand reading pillow.  A copy of the Certificate of Registration for this mark is attached as Exhibit A.

COMPLAINT FOR COPYRIGHT/TRADEMARK
INFRINGEMENT - 3

13.     Happy Products is the owner of a federal copyright registration, Reg. No. TX-8-786-658, issued by the United States Copyright Office with an effective date of registration of August 20, 2019, that grants Happy Products the exclusive right to, among other things, make and distribute copies and derivative works of the text, artwork, photographs, and video included within the getflippy.com website.  A copy of the Certificate of Registration for this work is attached as Exhibit B.

14.     Happy Products has filed an application for copyright registration with the United States Copyright Office for the Flippy Packaging it uses in connection with sales of its FLIPPY-brand reading pillow.  This packaging is included with all sales of authentic FLIPPY-brand reading pillows and includes original text, artwork, and photographs describing the uses, benefits, and history of the FLIPPY-brand reading pillow.  A true and correct copy of Plaintiff's application for copyright registration is attached as Exhibit C.

15.     On information and belief, the Hroncich Defendants market their own three-sided reading pillow, for sale on their Daily Shop Club website (dailyshopclub.com) and through targeted Facebook ads, that is essentially identical to Happy Products' FLIPPY-brand reading pillow.  These Hroncich-sourced pillows are of demonstrably poorer quality than the authentic FLIPPY-brand reading pillows designed and sold by Plaintiff Happy Products.  Purchases of this Hroncich pillow through Daily Shop Club results in a charge by Hroncich Enterprises, LLC.

16.     On information and belief, the Hroncich Defendants ship their three-sided reading pillows to their customers together with a counterfeit flyer that wrongly indicates that the pillows received by Hroncich's customers are FLIPPY-brand products.  The flyer is a nearly identical knock-off to the packaging used by Plaintiff Happy Products for their authentic FLIPPY-brand reading pillow, and uses the copyrighted text, design, and pictures, and trademarked FLIPPY name.  A copy of counterfeit flyer is attached as Exhibit D.

SCHAFFER IP LAW, LLC
2187 SW Market Street Dr.
Portland, Oregon 97201
(503) 970-5119

17.     On information and belief, and due at least in part to customer receipt of these counterfeit flyers with pillows purchased through Daily Shop Club, Plaintiff Happy Products has received numerous complaints from Hronicich customers believing the poor-quality products they received were authentic FLIPPY-brand reading pillows and that Happy Products is the source of those pillows.  Such customers have in fact been directed to contact Happy Products by Daily Shop Club, who points to the fact that the pillows received by those customers included the (counterfeit) FLIPPY flyer.  These customer complaints have damaged the FLIPPY brand and its reputation for providing quality, innovative products.

## FIRST CLAIM FOR RELIEF

### COYRIGHT INFRINGEMENT

### (17 U.S.C. §§ 106 and 501)

### (By Plaintiff Against Defendants)

18.     Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

19.     By copying, reproducing, and distributing identical or substantially similar materials in the counterfeit flyer (Exhibit D) accompanying the Hronich-sourced reading pillow, Defendants have infringed Plaintiff's exclusive copyright (Exhibit B) in the text, artwork, and photographs included within the getflippy.com website in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

20.     By copying, reproducing, and distributing identical or substantially similar materials in the counterfeit flyer (Exhibit D) accompanying the Hronich-sourced reading pillow, Defendants have infringed Plaintiff's copyright (Exhibit C) in the FLIPPY packaging accompanying all sales of the authentic FLIPPY-brand reading pillow—including Plaintiff's

COMPLAINT FOR COPYRIGHT/TRADEMARK
INFRINGEMENT - 5

SCHAFFER IP LAW, LLC
2187 SW Market Street Dr.
Portland, Oregon 97201
(503) 970-5119

exclusive rights in the text, artwork, and photographs describing the uses, benefits, and history of the FLIPPY-brand reading pillow—in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

21.    Defendants' acts of infringement are willful, intentional and purposeful, in disregard of and with indifference to Plaintiff's rights.

22.    As a direct and proximate result of said infringement by Defendants, Plaintiff is entitled to damages and profits pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits in an amount to be proven at trial.

23.    As a direct and proximate result of said willful and inexcusable infringement by Defendants, Plaintiff is also entitled to statutory damages up to $150,000 per infringement pursuant to 17 U.S.C. § 504(c).

24.    Plaintiffs further are entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

25.    As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.  Plaintiff is informed and believes and on that basis aver that unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiff's copyrighted materials found in Plaintiff's FLIPPY-brand packaging and its getflippy.com website.  Plaintiff is entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## SECOND CLAIM FOR RELIEF

### FEDERAL TRADEMARK INFRINGEMENT

### (15 U.S.C. § 1114)

### (By Plaintiff Against Defendants)

SCHAFFER IP LAW, LLC
2187 SW Market Street Dr.
Portland, Oregon 97201
(503) 970-5119

26.     Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

27.     Defendants' use of the FLIPPY mark in their counterfeit flyer (Exhibit D) is likely to and has caused confusion, deception, and mistake by creating the false and misleading impression that Defendants' goods are manufactured or distributed by Plaintiff Happy Products—the owner of the federal registration of the FLIPPY mark (Exhibit A)—or are associated or connected with Plaintiff, or have the sponsorship, endorsement, or approval of Plaintiff.

28.     Defendants' use of the FLIPPY mark in their counterfeit flyer (Exhibit D) is confusingly similar—and is intended to in fact be identical—to Plaintiff Happy Products' federally registered FLIPPY mark (Exhibit A) in violation of 15 U.S.C. § 1114.  Defendants' activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Plaintiff's goodwill and reputation as symbolized by Plaintiff's FLIPPY mark, for which Plaintiff has no adequate remedy at law.

29.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's FLIPPY mark to Plaintiff's great and irreparable harm.

30.     Defendants have caused and are likely to continue causing substantial injury to the public and to Plaintiff Happy Products, and Plaintiff is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

SCHAFFER IP LAW, LLC
2187 SW Market Street Dr.
Portland, Oregon 97201
(503) 970-5119

## THIRD CLAIM FOR RELIEF

### FEDERAL UNFAIR COMPETITION

### (15 U.S.C. § 1125(a))

### (By Plaintiff Against Defendants)

31.    Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

32.    Defendants' use of Plaintiff's FLIPPY mark in their counterfeit flyer (Exhibit D) has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' goods are manufactured or distributed by Defendant Happy Products, or are affiliated, connected, or associated with Plaintiff, or have the sponsorship endorsement, or approval of Plaintiff.

33.    Defendants have made false representations, false descriptions, and false designations of, on, or in connection with its goods in violation of 15 U.S.C. § 1125(a). Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Happy Products' goodwill and reputation as symbolized by Plaintiff's FLIPPY mark, for which Plaintiff has no adequate remedy at law.

34.    Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's FLIPPY mark to Plaintiff's great and irreparable injury of Plaintiff Happy Products.

35.    Defendants have caused and are likely to continue causing substantial injury to the public and to Plaintiff Happy Products, and Plaintiff is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

COMPLAINT FOR COPYRIGHT/TRADEMARK
INFRINGEMENT - 8

SCHAFFER IP LAW, LLC
2187 SW Market Street Dr.
Portland, Oregon 97201
(503) 970-5119

## FOURTH CLAIM FOR RELIEF

### FEDERAL TRADEMARK DILUTION

### (15 U.S.C. § 1125(c))

### (By Plaintiff Against Defendants)

36.     Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

37.     Plaintiff Happy Products has exclusively and continuously promoted and used the FLIPPY mark, both in the United States and throughout the world.  The FLIPPY mark has become a famous and well-known symbol within its industry well before Defendants began using the FLIPPY mark in association with their own low-quality counterfeit goods.

38.     Defendants are making use in commerce of the FLIPPY mark, which dilutes and is likely to dilute the distinctiveness of Plaintiff's FLIPPY mark by eroding the public's exclusive identification of this famous FLIPPY mark with Happy Products, tarnishing and degrading the positive associations and prestigious connotations of the mark, and otherwise lessening the capacity of the mark to identify and distinguish Plaintiff's goods.

39.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's FLIPPY mark to Plaintiff's great and irreparable injury of Plaintiff Happy Products.

40.     Defendants have caused and are likely to continue to cause irreparable injury to Plaintiff Happy Products' goodwill and business reputations, and dilution of the distinctiveness and value of Plaintiff's famous and distinctive FLIPPY mark in violation of 15 U.S.C. § 1125(c). Plaintiff therefore is entitled to injunctive relief and to recover Defendants' profits, actual

COMPLAINT FOR COPYRIGHT/TRADEMARK
INFRINGEMENT - 9

SCHAFFER IP LAW, LLC
2187 SW Market Street Dr.
Portland, Oregon 97201
(503) 970-5119

damages, enhanced profits and damages, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## FIFTH CLAIM FOR RELIEF

### UNFAIR AND DECEPTIVE TRADE PRACTICES

### (By Plaintiff Against Defendants)

41.     Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

42.     Defendants have been and are passing off its goods as those of Plaintiff Happy Products, causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Defendants' goods, causing a likelihood of confusion as to Defendants' affiliation, connection, or association with Plaintiff Happy Products, and otherwise damaging the public.

43.     Defendants' conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of the unfair and deceptive trade practices statutes of several states, including California CAL. BUS. & PROF. CODE § 17200, et seq. (West 2009); Colorado, COLO. REV. STAT. ANN. §§ 6-1-101 to 6-1-115 (West 2009); Delaware, DEL. CODE ANN. tit. 6, §§ 2531 to 2536 (2009); Georgia, GA. CODE ANN. §§ 10-1-370 to 10-1- 375 (2009); Hawaii, HAW. REV. STAT. §§ 481A-1 to 481A-5 (2009); Illinois, ILL. COMP. STAT. ANN. ch. 815, 510/1 to 510/7 (2009); Maine, ME. REV. STAT. ANN. tit. 10, §§ 1211 to 1216 (West 2009); Minnesota, MINN. STAT. ANN. § 325D.43 to .48 (West 2020); Nebraska, NEB. REV. STAT. §§ 87-301 to 87-306 (2009); New Jersey, N.J. STAT. ANN. §§ 56:8-1 to 56:8-91 (West 2009); New Mexico, N.M. STAT. ANN. §§ 57-12-1 to 57-12-22 (Michie 2009); New York, N.Y. GEN. BUS. Law § 349 (McKinney 2009); Ohio, OHIO REV. CODE ANN. §§ 4165.01 to 4165.04 (Baldwin 2009); Oklahoma, OKLA. STAT. ANN. tit.

SCHAFFER IP LAW, LLC
2187 SW Market Street Dr.
Portland, Oregon 97201
(503) 970-5119

78, §§ 51 to 55 (West 2009); and Oregon, OR. REV. STAT. §§ 646.605 through 646.656 (West 2009).

44.     Defendants' unauthorized use of a confusingly similar—and in fact identical—imitation of Plaintiff's FLIPPY mark has caused and is likely to continue to cause substantial injury to the public and to Plaintiff Happy Products.  Plaintiff, therefore, is entitled to injunctive relief and to recover damages and, if appropriate, punitive damages, costs, and reasonable attorneys' fees.

## SIXTH CLAIM FOR RELIEF

## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

### (By Plaintiff Against Defendants)

45.     Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

46.     Defendants' acts constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless restrained by this Court, a likelihood of confusion to the irreparable injury of Plaintiff Happy Products.  Plaintiff has no adequate remedy at law for this injury.

47.     On information and belief, Defendants acted with full knowledge of Plaintiff's use of, and statutory and common law rights to, Plaintiff's FLIPPY mark and without regard to the likelihood of confusion of the public created by Defendants' activities.

48.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's FLIPPY mark and to the great and irreparable injury of Plaintiff Happy Products.

SCHAFFER IP LAW, LLC
2187 SW Market Street Dr.
Portland, Oregon 97201
(503) 970-5119

49.     As a result of Defendants' acts, Plaintiff Happy Products has been damaged in an amount not yet determined or ascertainable.  At a minimum, however, Plaintiff is entitled to injunctive relief, to an accounting of Defendants' profits, damages, and costs.  Further, in light of the deliberate and malicious copying and distribution of Plaintiff's copyrighted materials and use of Plaintiff's registered FLIPPY trademark in association with sales of the their counterfeit reading pillow, and the need to deter Defendants from engaging in similar conduct in the future, Plaintiff is entitled to punitive damages.

## SEVENTH CLAIM FOR RELIEF

### STATE TRADEMARK DILUTION AND INJURY TO BUSINESS REPUTATION

### (By Plaintiff Against Defendants)

50.     Plaintiff repeats and incorporates by reference the allegations in the preceding paragraphs.

51.     Plaintiff Happy Products has exclusively and continuously promoted and used the FLIPPY mark throughout the United States, and the FLIPPY mark has become a distinctive, famous, and well-known symbol within its industry of Plaintiff Happy Products' goodwill before Defendants began infringing the FLIPPY mark in association with their own low-quality counterfeit goods.

52.     Defendants' conduct dilutes and is likely to continue to dilute the distinctiveness of Plaintiff's FLIPPY mark by eroding the public's exclusive identification of this famous FLIPPY mark with Plaintiff Happy Products, and tarnishing and degrading the positive associations and prestigious connotations of the mark, and otherwise lessening the capacity of the mark to identify and distinguish Plaintiff's goods.

SCHAFFER IP LAW, LLC
2187 SW Market Street Dr.
Portland, Oregon 97201
(503) 970-5119

53.    Defendants are causing and will continue to cause irreparable injury to Plaintiff Happy Products' goodwill and business reputation and dilution of the distinctiveness and value of Plaintiff's famous and distinctive mark in violation of the Oregon anti-dilution statute, O.R.S. § 647.107 (2009), as well as the anti-dilution laws of several other states, including Alabama, ALA. CODE § 8-12-17 (2009); Alaska, ALASKA STAT. § 45.50.180 (Michie 2009); Arizona, ARIZ. REV. STAT. ANN. § 44-1448.01 (West 2009); Arkansas, ARK. CODE ANN. § 4-71-213 (2009); California, CAL. BUS. & PROF. CODE § 14247 (West 2009); Connecticut, CONN. GEN. STAT. ANN § 35-11i(c) (West 2009); Delaware, DEL. CODE ANN. tit. 6, § 3313 (2009); Florida, FLA. STAT. ANN. § 495.151 (West 2007); Georgia, GA. CODE ANN. § 10-1-451 (2009); Hawaii, HAW. REV. STAT. ANN. § 482-32 (Michie 2009); Idaho, IDAHO CODE § 48-513 (Michie 2009); Illinois, 765 ILL. COMP. STAT. ANN. 1036/65 (2009); Iowa, IOWA CODE ANN. § 548.113 (West 2009); Indiana, IN. CODE 24-2-13.5 (West 2009); Kansas, KAN. STAT. ANN. § 81-214 (2009); Louisiana, LA. REV. STAT. ANN. § 51:223.1 (West 2009); Maine, ME. REV. STAT. ANN. tit. 10, § 1530 (West 2000); Massachusetts, MASS. GEN. LAWS. ANN. ch. 110H, § 13 (West 2009); Minnesota, MINN. STAT. ANN. § 333.285 (West 2009); Mississippi, MISS. CODE. ANN. § 75-25-25 (2009); Missouri, MO. ANN. STAT. § 417.061(1) (West 2009); Montana, MONT. CODE ANN. § 30-13-334 (2009); Nebraska, NEB. REV. STAT. ANN. § 87- 140 (Michie 2009); Nevada, NEV. REV. STAT. 600.435 (2007); New Hampshire, N.H. REV. STAT. ANN. § 350-A:12 (2009); New Jersey, N.J. STAT. ANN. 56:3-13.20 (West 2009); New Mexico, N.M. STAT. ANN. § 57-3B-15 (Michie 2009); New York, N.Y. GEN. BUS. Law § 360-l (2009); Pennsylvania, 54 PA. CONS. STAT. ANN. § 1124 (West 2009); Rhode Island, R.I. GEN. LAWS § 6-2-12 (2009); South Carolina, S. C. CODE ANN. § 39-15-1165 (2009); Tennessee, TENN. CODE ANN. § 47-25-513 (2009); Texas, TEX. BUS. & COM. CODE ANN. § 16.29 (Vernon 2009); Utah, UT. CODE ANN. § 70-3a-403 (2009);

SCHAFFER IP LAW, LLC
2187 SW Market Street Dr.
Portland, Oregon 97201
(503) 970-5119

Washington, WASH. REV. CODE ANN. § 19.77.160 (West 2009); West Virginia, W.V. STAT. ANN. 47-2-13 (Michie 2009); and Wyoming, WYO. STAT. ANN. § 40-1-115 (Michie 2009).

54.    Plaintiff Happy Products, therefore, is entitled to injunctive relief, damages, and costs, as well as, if appropriate, enhanced damages, punitive damages, and reasonable attorneys' fees.


# RELIEF REQUESTED

WHEREFORE, Plaintiff prays that:

A.    Defendants and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons active for, with, by, through, or under authority from Defendants, or in concert or participation with Defendants, and each of them, be enjoined from:

    i.    copying, distributing, or making any derivative works of materials protected by copyright and owned by Plaintiff Happy Products ;

    ii.    advertising, marketing, promoting, offering for sale, distributing, or selling the infringing product and accompanying materials;

    iii.    using Plaintiff's FLIPPY mark or any other copy, reproduction, colorable imitation, or simulation of Plaintiff's FLIPPY mark on or in connection with any of Defendants' goods;

    iv.    using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendants' goods or services this is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to any of Plaintiff Happy Products' trademarks, trade dresses, names, or logos;

SCHAFFER IP LAW, LLC
2187 SW Market Street Dr.
Portland, Oregon 97201
(503) 970-5119

v.     using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendants' goods that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Plaintiff Happy Products, or are sponsored or authorized by Plaintiff, or are in any way connected or related to Plaintiff;

vi.    using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendants' goods that dilutes or is likely to dilute the distinctiveness of Plaintiff's trademarks, trade dresses, names, or logos;

vii.   passing off, palming off, or assisting in passing off or palming off Defendants' goods as those of Plaintiff Happy Products, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint; and

viii.  advertising, promoting, offering for sale, or selling the infringing Hroncich-sourced reading pillow.

B.     Defendants be ordered to cease offering for sale, marketing, promoting, and selling and to recall all infringing Hroncich-sourced reading pillows, or any other goods bearing the infringing FLIPPY mark or any other a confusingly similar imitation of the FLIPPY mark that are in Defendants' possession or have been shipped by Defendants or under its authority, to any customer, including, but not limited to, any wholesaler, distributor, retailer, consignor, or marketer, and also to deliver to each such store or customer a copy of this Court's order as it relates to said injunctive relief against Defendants;

C.     Defendants be ordered to deliver up for impoundment and for destruction, all goods, bags, boxes, labels, tags, signs, packages, receptacles, advertising, sample books,

COMPLAINT FOR COPYRIGHT/TRADEMARK
INFRINGEMENT - 15

SCHAFFER IP LAW, LLC
2187 SW Market Street Dr.
Portland, Oregon 97201
(503) 970-5119

promotional materials, stationery, or other materials in the possession, custody or under the control of Defendants that are found to adopt, infringe, or dilute any of Plaintiff Happy Products' copyrights or trademarks or that otherwise unfairly compete with Plaintiff and its products;

D.    Defendants be compelled to account to Plaintiff Happy Products for any and all profits derived by Defendants from the sale or distribution of the Hroncich-source reading pillow;

E.    Plaintiffs be awarded all damages caused by the acts forming the basis of this complaint;

F.    Based on Defendants' knowing and intentional use of a confusingly similar imitation of Plaintiff Happy Products' FLIPPY-branded reading pillow together with Defendants' unauthorized use of Plaintiff's FLIPPY trademark, the damages awarded be trebled and the award of Defendants' profits be enhanced as provided for by 15 U.S.C. § 1117(a);

G.    Defendants be required to pay to Plaintiff Happy Products the costs and reasonable attorneys' fees incurred by Plaintiff in this action pursuant to 15 U.S.C. § 1117(a) and to state statutes cited in this Complaint;

H.    Based on Defendants' willful infringement of Plaintiff Happy Products' copyrights, that Plaintiffs be entitled to and that Defendants pay statutory damages up to $150,000 per infringement pursuant to 17 U.S.C. § 504(c);

I.    Defendants be required to pay to Plaintiff Happy Products the full costs and reasonable attorneys' fees incurred by Plaintiff in this action pursuant to 17 U.S.C. § 505 and otherwise according to law;

J.    Based on Defendants' willful and deliberate infringement and/or dilution of Plaintiff's FLIPPY mark, its use of a copyright infringing flyer to market its low-quality counterfeit products, and to deter such conduct in the future, Plaintiff Happy Products be awarded punitive damages;

SCHAFFER IP LAW, LLC
2187 SW Market Street Dr.
Portland, Oregon 97201
(503) 970-5119

1      K.    Plaintiff Happy Products be awarded prejudgment interest on all monetary

2  awards; and

3      L.    For such other and further relief as the Court may deem just and proper.

4

5

6  **JURY TRAIL DEMAND**

7      Plaintiff Happy Products respectfully demands a trial by jury on all claims and issues so

8  triable.

9

10      Dated this 5th day of August, 2020.

11

12                       **SCHAFFER IP LAW, LLC**

13                       By: _____

14                       Scott A. Schaffer, OR Bar No. 944304
                     SCHAFFER IP LAW, LLC

15                       2187 SW Market Street Dr.
                     Portland, OR 97201

16                       Telephone: 503-970-5119
                     E-mail: scott@schafferiplaw.com

17

18                       *Attorney for Plaintiff*
                     HAPPY PRODUCTS, INC.

19

20

21

22

23

24

25

COMPLAINT FOR COPYRIGHT/TRADEMARK
INFRINGEMENT - 17

                     SCHAFFER IP LAW, LLC
                     2187 SW Market Street Dr.
                     Portland, Oregon 97201
                     (503) 970-5119